Green, J.
The principal question in this case is, whether by the sheriff’s deed, founded on the record and proceedings of the county court of Carroll, a valid title, is vested in the lessors of the plaintiff. The sale was made for the taxes of the year 1827; and its validity must depend, or he tested by the provisions of the acts of 1813 and 1819.
Several facts must appear on the record in order to give validity to such sale. In M’Carroll vs. Weeks, 2 Tenn. Report; and Francis vs. Washbrim and Russell, 5 Hay. Reports, it is decided, that whatever gives jurisdiction must appear in the proceedings. This principle holds in all summary proceedings. Here the facts which give jurisdiction are, that the land lies in the county; *360 that-the sums due for the taxes remain unpaid; and that there was no personal property that could he distrained for the payment. The act of 1813, ch. 98, sec. 11 and 13, and the act of 1819, ch. 53, sec. 1, 2, 3 and 4, prescribe the manner in which these facts shall he made to appear. The 11th section of the act of 1813, directs, that the justices “appointed to receive the lists of taxable property and polls, shall make return of such lists to their respective county courts, at the next term after they shall be received.” The 13th section requires “the clerk of each county court to record at large in alphabetical order, the annual returns that shall be made.” By these two provisions, the county court has on its records, evidence of the facts, that the land lies in the county, and is chargeable with the sums due for taxes. The 16th section of the same act, directs the sheriff when there is no personal property on which he can make distress, to make report thereof to the court of his county, whereupon the court is to proceed to condemn the land, and issue an order of sale. Here the sheriff’s report is to contain no fact of which the court is already informed by the recorded return of the justices, but is restricted to those facts which could only be derived from him. The act of 1819, ch. 53, sec. 3, is alterative of the 16th section of the act of 1813, only so far as it prescribes the form of the sheriff’s report; the facts to be reported are the same and those only; but the report is to pursue the form given in the 1st section, “as nearly as the nature of such case will permit.” So, the judgment of the courtis to pursue the form given in the second section, “as nearly as the nature of such case will permit.” These forms are given to fit cases where the land was omitted to be given in for taxes, and were liable to double taxes. In the case under consideration, where the land had been listed for taxation, the “forms’’ are to be varied to meet the facts of the case, as those facts have been by the lawful means made to appear,— *361 It is not only necessary, that the judgment should recite the facts upon which the jurisdiction of the court depends, hut those facts must he recited as coming from the sources appointed by law to communicate them.— Thus, the act of 1813, ch. 98, sec. 13, requires, that the justice’s list of taxable property shall be' recorded. If this be done, the court has record evidence of the facts it contains. We have already seen that neither the 16th section of the act of 1813, nor the 3d section of the act of 1819, contemplate a repetition, of that evidence by the sheriff in his report; if he .do repeat it, he does an act of supererrogation, not within the scope of his duties, having no official character, and entitled to no more notice than if it had been done, by any other person. Would a judgment of the court be good, condemning land to be sold for double taxes, founded on the report of a constable, though that report might contain all the facts, and though the judgment might recite all the facts necessary to give jurisdiction?- All will agree it would not; and why? Because the facts are not recited in the judgment as coming from the officer appointed by the law to communicate them. If it has been established, that the sheriff is not directed by law to report any fact, which the law contemplates as being shown by the recorded list of the justices, it follows in-' evitably that the recitation of any such fact as coming from him, is not sufficient authority for the court to assume jurisdiction, and render judgment.
The sheriff’s report of lands listed' for taxation, should only have contained the facts, that the taxes were unpaid, and that, there was no personal property belonging to the claimant in the county. These facts only should have been recited, as derivable from his report; and the other fact necessary to give jurisdiction, should have been recited as derivable from the justice’s list on record.
If the judgment show upon its face the facts necessary to give it validity, it would not be necessary in a *362 trial of this sort, to go behind that judgment to show the evidence upon which it was founded. The objection to this judgment is, that it recites apart of the facts necessarj to give jurisdiction, as coming from an officer not designated by law to communicate them; and consequently such communication gave no authority to the court to recognize them as existing, and to pronounce judgment upon the assumption of their existence.
It is unnecessary to discuss the question whether the judgment is void because the navigation tax formed part of the sum for which it was rendered. Whether the court below gave the best reason for its judgment, is not material; if that judgment be correct, though for a different reason than the one upon which it was founded, this court will not reverse it.
I am of opinion, that the judgment of the county court of Carroll, condemning the lands in controversy to be sold for the taxes for the year 1827, is void, and that no title-vested in the lessors of the plaintiff by virtue of the sale and sheriff’s deed to them, and that therefore the judgment in this cause ought to be affirmed.
Peck, J. concurred.
Whyte, J. did not sit in the cause.